UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| NANCY PUTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:07-cv-63 |
| v. ) | Judge Mattice |
| ) | |
| MICHAEL ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Nancy Putman brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of Defendant, the Commissioner of Social Security, denying her disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I) and 423.

Before the Court are Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 9] and the Commissioner's Motion for Summary Judgment [Court Doc. 13]. By standing order of the Court, this matter was referred to United States Magistrate Judge William B. Carter for a Report and Recommendation ("R&R") on the above motions pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Carter entered his R&R [Court Doc. 15] on January 27, 2009, recommending that Plaintiff's Motion for Judgment on the Pleadings be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision denying Supplemental Security Income benefits be affirmed. (Court Doc. 15 at 18.) Plaintiff has filed a timely objection to the R&R. (Court Doc. 20.)

For the reasons stated below, the Court **OVERRULES** Plaintiff's objection and **ACCEPTS and ADOPTS** Magistrate Judge Carter's Report and Recommendation.

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been filed, the Court will directly review the decision-making process underlying the Commissioner's denial of benefits. *Id*.

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II. FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the facts as reported in the R&R. Accordingly, the Court **ADOPTS BY REFERENCE** the fact section of the R&R. (Court Doc. 26 at 5-11.)

## III. ANALYSIS

The narrow issue before the Court is whether there is substantial evidence to support the ALJ's denial of benefits based on his finding that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (Administrative Record ("A.R.") p. 20.) What constitutes "work which exists in the national economy" is set forth in 20 C.F.R. § 404.1566:

> (a) General. We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether--

> (1) Work exists in the immediate area in which you live;
> (2) A specific job vacancy exists for you; or
> (3) You would be hired if you applied for work.
> (b) How we determine the existence of work. Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered "work which exists in the national economy". We will not deny you disability benefits on the basis of the existence of these kinds of jobs. If work that you can do does not exist in the national economy, we will determine that you are disabled. However, if work that you can do does exist in the national economy, we will determine that you are not disabled.

The only evidence in the record relevant to this narrow issue is the testimony of the vocational expert (V.E.), who testified before the ALJ on two occasions. On November 16, 2006, the V.E. testified that Plaintiff could work as a security systems monitor or a continuous process inspector. (A.R. 462.) He estimated that there were 100-150 of these positions regionally and 100,000 in the national economy. (*Id.*) Due to a glitch in the transcribing equipment, a supplemental hearing was held before the ALJ on February 7, 2007. At the supplemental hearing, the same V.E. testified that Plaintiff could work as a security systems monitor or a telephone order taker. (A.R. 479.) He estimated that there were 200-250 of these positions regionally and 75,000 nationally. (*Id.*)

The ALJ found that "the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and, therefore, Plaintiff was not disabled. (A.R. 21.) The ALJ based his finding on the V.E.'s February 7, 2007 testimony that there were 75,000 jobs in the national economy which someone with Plaintiff's limitations could perform. (*Id.*)

-3-

Plaintiff objects to this finding, arguing that it is not supported by substantial evidence. It is undisputed that Defendant bears the burden of establishing that there are a significant number of jobs in the national economy that Plaintiff could perform. *See Born v. Sec'y of Health & Human Serv.*, 923 F.2d 1168, 1173 (6th Cir. 1990). Plaintiff claims that, in order to meet this burden, Defendant was required to introduce evidence showing that the 75,000 positions testified to by the V.E. were not "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region." (Court Doc. 19 at 2-3.)

It is undisputed that the record is devoid of evidence regarding the distribution of the 75,000 positions within the national economy. The V.E. was not questioned about the location of the 75,000 positions. The issue is whether the Commissioner's failure to affirmatively prove that the 75,000 positions were not so isolated that they fail to constitute "work which exists in the national economy" mandates remand of this case.

The Court has reviewed the relevant statutes, administrative regulations, and the cases cited by the parties, and is unconvinced that remand is appropriate. Initially, the Court notes that section 404.1566(b) provides that "[i]solated jobs that exist only in very limited numbers in relatively few locations *outside of the region where you live* are not considered 'work which exists in the national economy.'" (Emphasis added.) The V.E. testified that, not only were there 75,000 positions in the national economy, there were 200-250 positions available regionally. The fact that there are positions in the region where Plaintiff lives suggests that these positions are not so isolated that they fail to constitute "work which exists in the national economy."

Moreover, nothing about the nature of the positions – security systems monitor or

a telephone order taker – suggests that they would be "[i]solated jobs that exist only in very limited number in relatively few locations" such that evidence establishing otherwise would be required to meet the Commissioner's burden. *C.f. McKenzie v. Astrue*, 2008 WL 4507570, *5 (E.D. Cal. Oct. 7, 2008) (when V.E. testified that plaintiff could only perform jobs in the canning and preserving industry, Commissioner failed to meet burden of showing that the jobs were not isolated).

Plaintiff directs the Court to *Bragg v. Sullivan*, 1992 WL 278202 (N.D. Ohio Aug. 6, 1992), in which the court stated: "If the Secretary is to rely upon the existence of jobs at the national level to discharge its burden of proof, he must at the very least introduce evidence to support the conclusion that such jobs are not of the 'isolated' nature described in the regulation and in *Hall*." *Id*. at *5. The Court notes that *Bragg* is not binding on this Court, *see Heggie v. Mich. Dept. of Corrections*, 2009 WL 36612, *4 (W.D. Mich. Jan. 5, 2009), and that there is an abundance of contrary case law. *See*, *e.g.*, *Brun v. Barnhart*, 2004 WL 413305, *6 (D. Me. March 3, 2004) ("The fact that only 40 of the relevant jobs exist in the region . . . does not necessarily mean that the other 49,960 of those jobs in the nation exist in relatively few locations."); *Hollan v. Apfel*, 2001 WL 180151, *8 (N.D. Tex. Feb. 20, 2001) (affirming ALJ's finding that significant work exists in the national economy without affirmative evidence that jobs were not isolated).[1] Plaintiff has not cited, and the Court has been unable to locate, any binding precedent supporting her position.

---

[1] Plaintiff also argues that the ALJ erred by failing to explicitly weigh the factors outlined in *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988), in determining that there was a significant number of jobs that she could perform. (Court Doc. 19 at 5-6.) This argument, however, has previously been rejected by the United States Court of Appeals for the Sixth Circuit: "[Plaintiff] argues that the ALJ's failure to explicitly consider the factors delineated in *Hall* necessitates a remand. This argument is meritless, however, because the *Hall* court intended its stated factors as suggestions only." *Mitchell v. Sec'y of Health & Human Servs.*, 902 F.2d 33 (Table), 1990 WL 55669, *4 (6th Cir. May 1, 1990).

Case 4:07-cv-00063   Document 21   Filed 03/30/09   Page 5 of 6   PageID #: 116

The Court recognizes that 200-250 positions in the region and 75,000 positions in the national economy is not an overwhelming number. Other courts considering this issue, however, have found that a similar number of jobs constitutes significant work in the national economy. *See, e.g., Craigie v. Bowen*, 835 F.2d 56, 58 (3rd Cir. 1987) (200 jobs in region is significant number of jobs); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (174 jobs in region and 80,000 nationally); *McCallister v. Barnhart*, 2004 WL 1918724, *5 (D. Me. Aug. 26, 2004) (372 jobs regionally and 50,955 nationally). The Court reviews the ALJ's determination under the deferential standard of substantial evidence, and the Court finds that there is substantial evidence in the record to support the ALJ's finding that there are a significant number of jobs in the national economy which Plaintiff could perform.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** the following:

1. Plaintiff's Objection [Court Doc. 19] is **OVERRULED**;

2. Defendant's Motion for Summary Judgment [Court Doc. 13] is **GRANTED**;

3. Plaintiff's Motion for Judgment on the Pleadings [Court Doc. 9] is **DENIED**;

4. The Commissioner's denial of benefits is **AFFIRMED**;

5. The above-captioned action is **DISMISSED WITH PREJUDICE**;

6. The Clerk shall **CLOSE THE CASE**.

SO ORDERED this 30th day of March, 2009.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE